UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KILIE ANN AMBROSE,

        Plaintiff,

v.   Case No.: 6:23-cv-2255-WWB-DCI

PROGRESSIVE SELECT INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 13) and Defendant's Response in Opposition (Doc. 18). For the reasons set forth below, Plaintiff's Motion will be granted.

**I.  BACKGROUND**

Plaintiff commenced this action in state court on February 17, 2021, alleging claims against former-Defendant Kelli Lynn Guenette for negligence and against Defendant Progressive Select Insurance Company ("**Progressive**") for uninsured motorist benefits and bad faith. (Doc. 1-1 at 1–6; Doc. 1-11 at 11). On August 17, 2021, the state court dismissed Plaintiff's bad faith claim without prejudice. (Doc. 1-12 at 167). Plaintiff voluntarily dismissed her claim against Guenette on October 19, 2021, and her uninsured motorist claim against Progressive proceeded to trial. (Doc. 1-11 at 1, 9; Doc. 13-1 at 1). On July 28, 2023, the state court entered a final judgment in favor of Plaintiff on the uninsured motorist claim and retained jurisdiction to determine if Plaintiff would be permitted to amend her complaint to allege a claim for bad faith. (Doc. 1-3 at 1; Doc. 1-

11 at 1). The state court ultimately granted Plaintiff leave to amend her pleading to add a bad faith claim on November 2, 2023. (Doc. 1-5 at 1). Plaintiff filed her Amended Complaint (Doc. 1-10) in state court on November 14, 2023, and Progressive removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 1; Doc. 1-11 at 1).

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States."

"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). A defendant must remove the case within thirty days of learning that the case is removable and may not remove a case "on the basis of jurisdiction conferred by [§ 1332] more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b), (c)(1).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

### III.     DISCUSSION

Plaintiff does not dispute that the substantive requirements of diversity jurisdiction are met in this case and the Court is satisfied that there is complete diversity and the amount in controversy exceeds $75,000.  Rather, Plaintiff argues that removal is untimely.

First, Plaintiff argues that this case became removable on October 19, 2021, when she dismissed her claim against Guenette, making the parties completely diverse.  In response, Progressive argues that the case did not become removable because the uninsured motorist policy at issue had a policy limit of $25,000. (Doc. 1-3 at 1). Numerous courts have held that when considering the amount in controversy in similar cases, the value of the claim for jurisdictional purposes is the policy limit, even if the value of the claim exceeds that limit.  *See Razaqyar v. Integon Nat'l Ins. Co.*, No. 8:20-cv-2444-T, 2020 WL 7054294, at *2 (M.D. Fla. Dec. 2, 2020); *Juergensmeyer v. Allstate Ins. Co.*, No. 8:17-cv-1537, 2017 WL 10277111, at *3 (M.D. Fla. Oct. 17, 2017); *Henry v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-807-Orl, 2013 WL 5178518, at *1 (M.D. Fla. Sept. 13, 2013) ("[I]nsurance policies limiting liability can be definitive in determining the amount in controversy when the policy limits are less than the claim.").  Therefore, the Court is not persuaded that the case became removable upon the dismissal of Plaintiff's claims against Guenette.

Alternatively, Plaintiff argues that removal was untimely because it occurred "more than 1 year after commencement of the action[.]"  28 U.S.C. § 1446(c)(1).  There is no dispute that the original complaint in this action was filed more than one year before removal.  Progressive argues, however, that the Amended Complaint constitutes a new action for removal purposes, not a continuation of the existing action.  Courts in this

District are divided on this issue and the Eleventh Circuit has not issued any binding authority on the split. *See King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014). The undersigned has not yet taken a position on this issue.

Having carefully considered the reasoned opinions on both sides of the issue, this Court agrees with those that have determined that the amendment of the pleading in the underlying action to assert a new claim does not constitute the commencement of a new action. *See Hawkinson v. State Farm Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1297 (M.D. Fla. 2018); *Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1346 (M.D. Fla. 2013).

The removal statute limits removal to one year after the commencement of the *action* in diversity cases. 28 U.S.C. § 1446(c)(1). Pursuant to both the Florida and Federal Rules of Civil Procedure an "action" is commenced by the filing of a complaint. *See* Fed. R. Civ. P. 3; Fla. R. Civ. P. 1.050. As the Eleventh Circuit has stated, the terms action and claim are not coextensive. *Esteva v. UBS Fin. Servs. Inc.* (*In re Esteva*), 60 F.4th 664, 675 (11th Cir. 2023) (noting that the terms "action" and "claims" "are generally understood to carry different meanings"). Rather a claim is a "portion of plaintiff's lawsuit," while an action refers to the proceeding as a whole. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018); *see also In re Esteva*, 60 F.4th at 675. In fact, Black's Law Dictionary defines a "claim" as "[a] demand for money, property, or a legal remedy . . . esp[ecially] *the part of a complaint in a civil action* specifying what relief the plaintiff asks for[.]" *Claim*, Black's Law Dictionary (11th ed. 2019) (emphasis added); *see also Action*, Black's Law Dictionary (11th ed. 2019) ("A civil or criminal judicial proceeding.").

Furthermore, Progressive's insistence that a bad faith claim is a new "cause of action" does not alter the outcome. The term "cause of action" is used as a synonym for the word "claim" in the Florida Rules of Civil Procedure. *See* Fla. R. Civ. P. 1.110. Thus, it is unsurprising that the term is also frequently used to reference a claim in Florida case law. But the removal statute does not discuss the commencement of a "cause of action," rather, it turns on the commencement of an "action." *See* 28 U.S.C. § 1446(c)(1). Progressive has not directed this Court to any legal authority for the proposition that a bad faith claim must be a new action, as opposed to simply a distinct cause of action. Therefore, based on the plain language of the removal statute and noting that the Court must give the statute a narrow construction, the Court finds that remand is proper in this case.

**IV.   CONCLUSION**

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 13) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case Number 2021 10279 CIDL.
3. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on September 9, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record